IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Darlene Miles, ) | C/A No.: 8:07-3164-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, Darlene Miles, brought this action pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability benefits under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g*., *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g*., *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

1

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff filed her application for disability benefits on June 16, 2005, alleging disability as of April 22, 2005 due to degenerative disc disease, fibromyalgia, diabetes mellitus, cataracts and paroxysmal atrial fibrillation (abnormal heart rhythm). Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on May 25, 2006. The ALJ thereafter denied plaintiff's claims in a decision issued March 29, 2007. Plaintiff filed an action in this Court for review of the decision. The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff has now appealed to the federal court.

The claimant was 58 years old when the application was filed. She has a GED certificate. Her past work experience includes employment as a data entry clerk and hotel housekeeper.

Under the Social Security Act, the plaintiff's eligibility for benefits hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the

claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P.  20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975).  Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b).  These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561.  If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors.  *Id*. at § 404.1561.  The interrelation between these vocational factors is governed by Appendix 2 of Subpart P.  Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined:  (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through May 31, 2010.

2. The claimant has not engaged in substantial gainful activity since May 22, 2005, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease (DDD), fibromyalgia and diabetes mellitus (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of sedentary work, defined as the ability to lift/carry 10 pounds, stand 2 hours in an 8 hour workday, walk 2 hours in an 8 hour workday and sit 6 hours in an 8 hour workday.

6. The claimant is capable of performing past relevant work as a data entry clerk (DOT 203.582-054). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from May 22, 2005 through the date of this decision (20 CFR 404.1520(f)).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On September 4, 2008, Magistrate Bruce H. Hendricks filed a report and recommendation ("R&R") suggesting that the decision of the Commissioner should be affirmed. The plaintiff timely filed objections to the R&R on December 15, 2008. The defendant filed a response to plaintiff's objections on December 29, 2008.

The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social

Security Act during the relevant time period.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## **PLAINTIFF'S OBJECTIONS**

In her objections to the R&R, Plaintiff alleges that the ALJ failed to adequately consider the plaintiff's ability to return to her past relevant work; failed to adequately consider the plaintiff's RFC; and failed to correctly assess the plaintiff's credibility.

The plaintiff argues that the ALJ did not perform a specific analysis of her stated reasons for being unable to perform her past work and that he incorrectly observes that Plaintiff did not "allege any physical conditions that would prevent the performance of her past work as a data entry clerk." (Objections, p. 2). She also contends that "the ALJ found the Plaintiff could perform PRW work in a sedentary position as a data entry clerk, when in reality this job involved inventory and microfilming duties that are performed at a light to medium level." (Objections, p. 3). In addition, the plaintiff argues that, even if the inventory work is not considered as a regular part of the job, the plaintiff testified that her work "often involved lifting twenty (20) to twenty-five (25) pounds, which is greater than the RFC the ALJ found the plaintiff could perform." *Id*. In regard to the RFC,

Plaintiff argues that "the ALJ decision is largely devoid of any specific discussion as to how the medical evidence supports the RFC findings made by the ALJ versus other possible restrictions." (Objections, p. 4). Plaintiff also objects to the Magistrate Judge's suggestion that the plaintiff's noncompliance with treatment supports the ALJ's decision, asserting that the ALJ did not make the proper findings on the issue of noncompliance. Finally, Plaintiff contends that the ALJ failed to make sufficient findings to support his conclusory statement that he found the allegations to be "not entirely credible." (R. p., 19).

## **ANALYSIS**

Plaintiff argues that the ALJ did not perform a specific analysis of her stated reasons for being unable to do her past work and in fact incorrectly states that "[t]he claimant acknowledged no physical limitations that would preclude returning to this work." (R. p. 19). Plaintiff also points to footnote one to the decision, where the ALJ states: "The claimant testified she was not sure if she could return to the data entry job because she might have problems with new procedures. She did not say she thought she would be unable to perform its physical requirements." *Id*.

The plaintiff testified as follows concerning her ability to do the prior job at Trayco:

Q. What about that job at Trayco Plumbing Supplies? Do you think you could do that job?
A. I don't know. I'm not sure. I'm not sure . . .
I mean so many of them, they've changed down there. I mean from what I heard it's a more complicated job now. It's more complicated.
Q. Would you have problems physically doing that job?
A. Just the sitting down and standing, walking around and that.
Q. What problems would you have sitting?
A. My lower part of my back would start hurting and that. I mean it just starts hurting from down into my legs and it hurts, starts going down into my legs and my hip. (R., p. 217).

Based on the above testimony, it appears that the statements referred to above in the ALJ decision were factually inaccurate in that the plaintiff did testify that she suffered pain when she sat

for too long a period of time. However, a review of the entire decision indicates that the ALJ expressly recognized the allegations by the plaintiff as to her difficulty doing the job due to her medical conditions. For example, he states: "The claimant alleges pain, dizziness/light-headedness, feet swelling and fatigue. She further alleges she is able to stand for 30 minutes at a time and sit for 30 minutes at a time due to pain." *Id*. The ALJ discusses the objective medical evidence and finds that "while none of these (back) abnormalities cause stenosis, they impact the claimant's ability to stand, walk, lift and carry." *Id*. He also states: "Fibromyalgia, diabetes mellitus and atrial fibrillation further exacerbate the claimant's exertional limitations. . . Despite her historical diagnosis of fibromyalgia, the claimant was not put on a sustained treatment therapy, indicating the claimant's treating source found this impairment to be less severe than alleged by the claimant . . . Taking the claimant's impairments in combination, I find limitation of the claimant's exertional residual functional capacity to 'sedentary' work provides adequate accommodation." He also makes the following findings:

When the claimant is compliant with her treatment (ie., including medications), she experiences significantly fewer limitations and reduced symptomology. When she is noncompliant, these symptoms are increased with a corresponding increase in functional limitation. However, even with the increased symptomology, the claimant is still able to perform sedentary work with its relatively minimal requirements as to lifting and standing. Therefore, a sedentary residual functional capacity is fully supported by the record as a whole. (R. p., 19).

Regarding credibility, he analyzes the case under SSR 96-7p and finds that "the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. p., 19).

The Court finds that the decision of the ALJ, taken as a whole, contains sufficient findings

regarding the claimant's ability to do her past work and her RFC.  His review of the medical evidence shows that he believed she was capable, in spite of her medical conditions, of performing the job either as required by her former employer or at least as it is generally performed in the national economy, as discussed below. He specifically found the claimant was not credible and gave reasons based on the medical records. Therefore, the Court finds that the ALJ made adequate findings that the plaintiff's physical limitations would not prevent her from performing sedentary work and doing her past relevant work.

Plaintiff secondly asserts that the job of data entry clerk involves inventory and microfilming duties that are performed on a light to medium level and that the data entry job therefore did not constitute sedentary work.[1]  In addition, the plaintiff argues that, even if the inventory work is not considered as a regular part of the job, the plaintiff testified that her work "often involved lifting twenty (20) to twenty-five (25) pounds, which is greater than the RFC the ALJ found the plaintiff could perform." *Id*.  The Court finds that the factual findings of the ALJ are supported by substantial evidence. The plaintiff described her data entry clerk position as doing "computer work and forms" and that she was "taking salesmen's orders over the phone and putting them in the computer" with "no heavy lifting." (R., p.224).  She also indicated that she counted inventory in the warehouse one Saturday a month for "four or five hours," which involved standing "most of the time."  (R., p. 226). She indicated that she was not required to lift boxes but counted how many pieces were in the boxes.  Although she states that she lifted between 10 and 25 pounds of "paperwork" that she "carried around," (R., p. 227) this appears to be inconsistent with her

---

[1] Sedentary work requires lifting up to ten (10) pounds, standing two (2) hours during an eight (8) hour day, walking two (2) hours in an eight (8) hour day, and sitting six (6) hours in an eight (8) hour day.

8

testimony that she did not do heavy lifting on the job.   The ALJ analyzed the issue as follows:

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as generally performed.  The claimant testified that she had inventory responsibilities once a month at the light exertional level.  Nonetheless, this infrequent requirement does not change the description of her prior work or its exertional demands as normally performed.  The requirements of data entry clerk (Dictionary of Occupational Titles (DOT) 203.582-054) are fully supportable by the claimant's residual functional capacity as performed in the national economy.

(R. p. 20).

"[U]nder the fourth step of the disability inquiry, a claimant will be found 'not disabled' if he is capable of performing his past relevant work **either** as he performed it in the past or as it is generally required by employers in the national economy." *Pass v. Chater*, 65 F.3d 1200, 1207 (4th Cir. 1995)(emphasis added), citing SSR 82-61 ("Under sections 404.1520(e) and 416.920(e) of the regulations, a claimant will be found to be 'not disabled' when it is determined that he or she retains the RFC to perform:  1.  The actual functional demands and job duties of a particular past relevant job; *or* 2.  The functional demands and job duties of the occupation as generally required by employers throughout the national economy.")  The ALJ consulted the Dictionary of Occupational Titles regarding data entry operators (DICOT 203.582-054) in finding that the position of data entry operator constituted sedentary work as it is performed in the national economy. His findings are supported by substantial evidence.[2] It is not this Court's job to substitute its view of the evidence but to determine whether substantial evidence supports the findings by the ALJ.

Regarding the plaintiff's alleged lack of financial ability to pay for medical care, the Court notes that the ALJ found that, even without her prescribed medications, the claimant could perform

---

[2] Plaintiff contends that "the ALJ decision is largely devoid of any specific discussion as to how the medical evidence supports the RFC findings made by the ALJ versus other possible restrictions." This objection is overruled in that the ALJ decision does indeed analyze the medical evidence as it relates to the findings regarding the plaintiff's RFC.  *See* R. pp. 17-19.

9

sedentary work. Finally, the ALJ made adequate findings regarding credibility.

The findings of the ALJ are supported by the substantial evidence and were not controlled by legal error. On the record before it, this court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court is constrained to adopt the recommendation of the Magistrate Judge and accept the determination of the Commissioner that the plaintiff is not disabled.

For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference; and the decision of the Commissioner denying benefits is hereby affirmed.

**IT IS SO ORDERED**

               s/R. Bryan Harwell
               R. Bryan Harwell
               United States District Judge

March 30, 2009
Florence, South Carolina